## STATEMENT OF PROBABLE CAUSE
(For issuance of an arrest warrant or summons)

I state that on _____, 20____ while exercising my duties as a law enforcement officer in the _____ District of _____

See attached narrative + case # 2205-007027

The foregoing statement is based upon:
- [ ] my personal observation
- [ ] my personal investigation
- [ ] information supplied to me from my fellow officer's observation
- [ ] other (explain above)

I declare under penalty of perjury that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge.

Executed on: _____ Date (mm/dd/yyyy)  Officer's Signature

Probable cause has been stated for the issuance of a warrant.

Executed on: _____ Date (mm/dd/yyyy)  U.S. Magistrate Judge

HAZMAT = Hazardous material involved in incident; PASS = 9 or more passenger vehicle; CDL = Commercial drivers license; CMV = Commercial vehicle involved in incident

CVB SCAN 08/10/2022 9:39

---

## United States District Court
### Violation Notice

Location Code: 3   Violation Number: E1280552   Officer Name: Whies   Officer No: N21

**YOU ARE CHARGED WITH THE FOLLOWING VIOLATION**

Date and Time of Offense: 8-8-22 1516   Offense Charged: 41 106.74.385
Place of Offense: 8000 South Park Lane, Litton
Offense Description: Federal Burn Lodge — Failing to comply w/ official signs + directives of a LEO

**DEFENDANT INFORMATION**
Last Name: Carbo  First Name: Christopher  MI: J

APPEARANCE IS REQUIRED
- A [ ] If Box A is checked, you must appear in court. See instructions.
- B [X] If Box B is checked, you must pay the total collateral due or in lieu of payment appear in court. See instructions.

$ _____ Forfeiture Amount
+$30 Processing Fee
$ _____ Total Collateral Due

**YOUR COURT DATE**
Court Address: _____ Date: 9-8-22  Time: 9:00

PAY THIS AMOUNT AT
www.cvb.uscourts.gov

Defendant Signature: _____
901 19th Street
Denver, CO

Original - CVB Copy

*E1280552*

CVB SCAN 08/10/2022 9:39

CVB SCAN 08/10/2022 9:39

On Tuesday, August 2nd, 2022, at approximately 1327 hours, I had contact with a subject, later verbally self-identified as Christopher Cordova (112982), at the Social Security Administration (SSA) Office at 8000 Southpark Ave. in Littleton, CO. I had responded to the facility for the report of 1st Amendment "Auditors" at the facility attempting to video inside the facility and refusing to leave.

When I contacted Cordova, he claimed that he had a constitutional right to record video inside the facility and I explained to him that he did not based on the signage posted at the entrance to the facility as well as 41 CFR 102-74.420 which prohibited filming inside the facility without permission of the occupying tenant of the building, in this case, the SSA. Cordova argued that the sign wasn't valid because it didn't list or cite a specific federal law. I provided Cordova with a copy of 41 CFR 102-72.420 (c) on which I highlighted the section prohibiting photography or filming without the tenant's consent.

I explained to Cordova the nature of the sensitive conversations that take place in the facility as well as the prevalence of Personally Identifiable Information (PII) within the facility being the reason for filming being prohibited.

Cordova was accompanied by three other "auditors" and all of them were stating that it was their constitutional right to film inside government buildings. I pointed out the posted signage to all and referenced the CFR provided to Cordova to all "auditors" present. I explained to Cordova and the others that I would allow them to remain in the foyer, but if they were to enter the main waiting area of the facility, where personal conversations and PII were in the open, while recording, they would be criminally charged. Various forms of the same conversation took place multiple times with Cordova during which I repeatedly referred to the posted signage, the copy of the CFR provided, and the verbal notice given personally by me. On each iteration of the conversation, I advised Cordova that if he entered the facility while recording video, he would be cited or arrested, and his recording equipment would be seized as evidence.

A short time later, after discussing the matter with his peers, Cordova made the decision to enter the facility, while recording. As he did so, I immediately approached Cordova and advised him he was under arrest. Cordova's phone, on which he was filming, was taken into evidence.

Cordova was issued Citation #E1280555 for Photography/Filming inside the SSA and Citation #E1280552 for Failing to Comply with Official Signs or Directions of a Law Enforcement Officer. Cordova was provided a court date for appearance in court and signed both citations agreeing to appear in court on the specified day. Cordova was provided a copy of both citations and released.

For additional details of this case see report for case # 22024768D.

**DOUGLAS P WHILES**

Digitally signed by DOUGLAS P WHILES
Date: 2022.08.03 14:14:57 -06'00'

## STATEMENT OF PROBABLE CAUSE
(For issuance of an arrest warrant or summons)

I state that on _____ , 20__ while exercising my duties as a law enforcement officer in the _____ District of _____

SEE ATTACHED NARRATIVE & DECLARATION

The foregoing statement is based upon:
☐ my personal observation  ☐ my personal investigation
☐ information supplied to me from my fellow officer's observation
☐ other (explain above)

I declare under penalty of perjury that the information which I have set forth above and on the face of this violation notice is true and correct to the best of my knowledge.

Executed on: _____  _____
              Date (mm/dd/yyyy)      Officer's Signature

Probable cause has been stated for the issuance of a warrant.

Executed on: _____  _____
              Date (mm/dd/yyyy)      U.S. Magistrate Judge

HAZMAT = Hazardous material involved in incident; PASS = 9 or more passenger vehicle;
CDL = Commercial drivers license; CMV = Commercial vehicle involved in incident

CVB SCAN 08/10/2022 9:40

---

## United States District Court
### Violation Notice (Rev. 12/2020)

| Location Code | Violation Number | Officer Name (Print) | Officer No. |
|---|---|---|---|
| 3 | E1280555 | Jobes | V-21 |

**YOU ARE CHARGED WITH THE FOLLOWING VIOLATION**

| Date and Time of Offense (mm/dd/yyyy) | Offense Charged ☐ CFR ☐ USC ☐ State Code |
|---|---|
| 8.8.22 1510 | 109-74.420.(c) |

Place of Offense: SSA 1800 South Park Lane, Nelson, CO

Offense Description: Photography: interior lobby SSA (filming)

### DEFENDANT INFORMATION

Last Name: Sartore
First Name: Christopher J.

**APPEARANCE IS REQUIRED**
A ☐ If Box A is checked, you must appear in court. See instructions.

**APPEARANCE IS OPTIONAL**
B ☐ If Box B is checked, you must pay the total collateral due or in lieu of payment appear in court. See instructions.

$ _____ Forfeiture Amount
+ $30 Processing Fee
$ _____ Total Collateral Due

### YOUR COURT DATE

901 19th Street
Denver, CO

Date: 9.8.22
Time: 9:00

*E1280555*

CVB SCAN 08/10/2022 9:40

CVB SCAN 08/10/2022 9:40

On Tuesday, August 2nd, 2022, at approximately 1327 hours, I had contact with a subject, later verbally self-identified as Christopher Cordova (112982), at the Social Security Administration (SSA) Office at 8000 Southpark Ave. in Littleton, CO. I had responded to the facility for the report of 1st Amendment "Auditors" at the facility attempting to video inside the facility and refusing to leave.

When I contacted Cordova, he claimed that he had a constitutional right to record video inside the facility and I explained to him that he did not based on the signage posted at the entrance to the facility as well as 41 CFR 102-74.420 which prohibited filming inside the facility without permission of the occupying tenant of the building, in this case, the SSA. Cordova argued that the sign wasn't valid because it didn't list or cite a specific federal law. I provided Cordova with a copy of 41 CFR 102-72.420 (c) on which I highlighted the section prohibiting photography or filming without the tenant's consent.

I explained to Cordova the nature of the sensitive conversations that take place in the facility as well as the prevalence of Personally Identifiable Information (PII) within the facility being the reason for filming being prohibited.

Cordova was accompanied by three other "auditors" and all of them were stating that it was their constitutional right to film inside government buildings. I pointed out the posted signage to all and referenced the CFR provided to Cordova to all "auditors" present. I explained to Cordova and the others that I would allow them to remain in the foyer, but if they were to enter the main waiting area of the facility, where personal conversations and PII were in the open, while recording, they would be criminally charged. Various forms of the same conversation took place multiple times with Cordova during which I repeatedly referred to the posted signage, the copy of the CFR provided, and the verbal notice given personally by me. On each iteration of the conversation, I advised Cordova that if he entered the facility while recording video, he would be cited or arrested, and his recording equipment would be seized as evidence.

A short time later, after discussing the matter with his peers, Cordova made the decision to enter the facility, while recording. As he did so, I immediately approached Cordova and advised him he was under arrest. Cordova's phone, on which he was filming, was taken into evidence.

Cordova was issued Citation #E1280555 for Photography/Filming inside the SSA and Citation #E1280552 for Failing to Comply with Official Signs or Directions of a Law Enforcement Officer. Cordova was provided a court date for appearance in court and signed both citations agreeing to appear in court on the specified day. Cordova was provided a copy of both citations and released.

For additional details of this case see report for case # 22024768D.

**DOUGLAS P WHILES**

Digitally signed by DOUGLAS P WHILES
Date: 2022.08.03 14:14:57 -06'00'