**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Criminal Action No. 23-cr-00453-NYW-MEH-1

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     CHRISTOPHER J. CORDOVA,

      Defendant.

---

## ORDER ON MOTION FOR EARLY TERMINATION OF PROBATION

---

This matter is before the Court on the letter submitted by Christopher J. Cordova ("Mr. Cordova") wherein he requests early termination of his probationary sentence (the "Motion" or "Motion for Early Termination of Probation"). [Doc. 63]. For the reasons set forth in this Order, the Motion for Early Termination of Probation is respectfully **GRANTED**.

### BACKGROUND

On March 20, 2023, the Honorable Michael E. Hegarty (Ret.) convicted Mr. Cordova of two misdemeanor counts: (1) failing to comply with official signs of a prohibitory, regulatory, and directory nature and with lawful direction of Federal police officers and other authorized individuals, in violation of 41 C.F.R. § 102-74.385; and (2) unlawfully photographing Federal property, in violation of 41 C.F.R. § 102-74.420. [Doc. 16 at 1]. Judge Hegarty sentenced Mr. Cordova to fifteen days' imprisonment on Count I and two years' probation on Count II. [Doc. 36 at 2, 5]. Mr. Cordova appealed

his convictions, and this Court affirmed on October 15, 2024.  [Doc. 38; Doc. 60].  Mr.
Cordova's term of probation commenced on October 22, 2024.  [Doc. 65 at 1].

Mr. Cordova has served approximately 17 months of his 24-month probationary
term.  Proceeding pro se, he asks the Court to terminate the remainder of his probationary
sentence.  *See* [Doc. 63].[1]  The United States Probation Office and the Government do
not oppose Mr. Cordova's request.  [Doc. 65; Doc. 66].  Mr. Cordova did not file a reply
brief, and the time to do so has expired.

## LEGAL STANDARD

By statute, a court may "terminate a term of probation previously ordered and
discharge the defendant . . . at any time after the expiration of one year of probation in
the case of a felony, if it is satisfied that such action is warranted by the conduct of the
defendant and the interest of justice."  18 U.S.C. § 3564(c).  In so doing, the trial court
must "consider[] the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are
applicable."  *Id.*  Stated differently, a court may terminate a probationer's term early "if the
following three requirements are met:  (1) early termination is warranted by 'the interest
of justice;' (2) early termination is warranted by 'the conduct of the defendant;' *and*
(3) early termination would be consistent with the applicable § 3553(a) factors."  *United
States v. Rader*, No. 22-cr-00057-RCL, 2024 WL 474535, at *2 (D.D.C. Feb. 7, 2024);
*see also United States v. Haley*, 500 F. Supp. 3d 6, 7 (W.D.N.Y. 2020) ("[P]ursuant to the
express terms of § 3564(c), . . . the applicable factors set forth at 18 U.S.C. § 3553(a)
*must* be considered, *and* the court *must* be satisfied that the early termination of probation

---

[1] Because Judge Hegarty has retired from judicial service, this Court rules on the Motion
for Early Termination.

2

'is warranted by the conduct of the defendant and the interest of justice.'" (quoting 18 U.S.C. § 3564(c)) (emphasis added)).

Under § 3553(a), a court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, considering the following factors, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

[and]

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

(i) issued by the Sentencing Commission . . . subject to any amendments made to such guidelines by act of Congress . . .; and

(ii) that . . . are in effect on the date the defendant is sentenced[.]

18 U.S.C. § 3553(a).  Whether to grant a motion to terminate probation is within the trial court's discretion.  *United States v. Hartley*, 34 F.4th 919, 928 (10th Cir. 2022).

3

**ANALYSIS**

Mr. Cordova has completed approximately three-fourths of his probationary sentence and asks the Court to terminate the remainder of his sentence. [Doc. 63]. He states that, during his time on probation, he has "remained continuously self-employed and financially stable," has "not had any violations, reprimands, or disciplinary actions," and he has "complied with every term imposed by both the Court and [his] probation officer." [*Id.* at 1]. He states that he has "used [his convictions] as a chance to educate [himself] further about the law," which "has ultimately helped [him] grow as an activist, because [he is] now more informed about where the public has the right to record and where those rights have lawful limits." [*Id.*]. Given his compliance with his terms of probation, his payment of fines, his continued employment, and his positive supervision record, he asks the Court to terminate the remainder of his probation, as he believes he has satisfied the intended goals of probation. [*Id.*]. The Probation Office confirms Mr. Cordova's compliance with his probationary terms and does not oppose early termination. [Doc. 65]. The Government defers to the Probation Office's recommendation and does not oppose early termination, either. [Doc. 66 at 2].

This Court has considered the factors relevant to early termination set out in 18 U.S.C. § 3564(c) and 18 U.S.C. § 3553(a) and finds that early termination of probation is appropriate. Mr. Cordova has performed successfully on probation, has complied with the terms of his probation, and has maintained stable housing and employment. *See United States v. Rosier*, No. 1:23-cr-00005-AKB-1, 2025 WL 3063170, at *2 (D. Idaho Nov. 3, 2025) (granting early termination of probation based on the defendant's compliance with terms of probation, rehabilitation, and stability); *United States v. Noel*,

No. 18-cr-00060-PKC, 2021 WL 4033769, at *2 (E.D.N.Y. Sept. 3, 2021) (recognizing that compliant conduct on probation "demonstrates that continued court supervision is unnecessary to achieve" the goals of promoting respect for the law, deterring criminal conduct, and protecting the community). In addition, the Probation Office represents that Mr. Cordova "has demonstrated the ability to lawfully self-manage beyond the period of supervision," [Doc. 65 at 2], and the Court gives weight to this assessment, as the Probation Office "in the best position to assess [Mr. Cordova's] adjustment to supervision to date, his potential for recidivism, and the need (or lack thereof) for continued supervision." *United States v. Nelson*, No. 17-cr-00424-PKC, 2022 WL 125814, at *2 (E.D.N.Y. Jan. 13, 2022). The Court does not find that continued probation supervision is necessary to protect the public from further crimes of Mr. Cordova. 18 U.S.C. § 3553(a)(2)(C).

The Court also notes that Mr. Cordova's convictions were of misdemeanor crimes, and while the Court does not in any way diminish the seriousness of his offenses, the Court finds that the nature and circumstances of his offenses do not weigh against early termination. *Id.* § 3553(a)(1); *cf. United States v. Marquez*, No. 1:06-mj-00186, 2007 WL 1847637, at *2 (E.D. Cal. June 27, 2007) (that underlying offenses were misdemeanors weighed in favor of early termination). Moreover, Mr. Cordova has served approximately three-fourths of his term of probation, so "terminating probation at this time does not result in a significant reduction of his original sentence." *Noel*, 2021 WL 4033769, at *2.

The Probation Office supports Mr. Cordova's request, and the Government does not object to it. It does not appear that continued supervision would provide any significant benefit to Mr. Cordova or the public. Accordingly, the Court finds that early

5

termination is in the interest of justice, is warranted by Mr. Cordova's conduct, and consistent with the applicable § 3553(a) factors.  The Motion for Early Termination is respectfully **GRANTED**.

**CONCLUSION**

For these reasons, it is **ORDERED** that:

(1)    The Motion for Early Termination of Probation [Doc. 63] is **GRANTED**;

(2)    The United States Probation Office is directed to process the early termination of Mr. Cordova's probation; and

(3)    The United States Probation Office shall serve a copy of this Order on Mr. Cordova.

DATED:  April 21, 2026                              BY THE COURT:

                                                    Nina Y. Wang
                                                    United States District Judge